# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHA GREEN | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. CV413-068 |
| | ) | |
| SHERIFF AL ST. LAWRENCE | ) | |
| COL. ENOCH | ) | |
| MAJOR WELSH | ) | |
| and CAPT. MIDDLETON | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Plaintiff, an inmate at Nicholls County Jail in Nicholls, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff seeks to proceed *in forma pauperis*. After reviewing plaintiff's application, it appears that the plaintiff lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff leave to proceed *in forma pauperis*.

Plaintiff is hereby advised that the procedures for filing and litigating prisoner civil rights suits in federal court were significantly changed by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, enacted on April 26, 1996. The Act requires **all** prisoners, even those who are

allowed to proceed *in forma pauperis*, to pay the full filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Prisoner litigants allowed to proceed *in forma pauperis* must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to, or average monthly balance in, the prisoner's account for the 6-month period immediately preceding the filing of the complaint. Prison officials are then required to collect the balance of the filing fee by deducting 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each time the amount in plaintiff's account exceeds $10 until the full filing fees are paid." Id. The entire filing fee must be paid even if the suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

In addition to requiring payment of the full filing fee, the Act now requires prisoners to exhaust all administrative remedies before challenging "prison conditions" in a civil action. 42 U.S.C. § 1997e; see 18 U.S.C. § 3626(g)(2). All prisoner civil rights actions filed after April 26, 1996 are subject to dismissal if the prisoner has not exhausted the available

administrative remedies with respect to each claim asserted. Moreover, even if the complaint is dismissed for failure to exhaust, the prisoner will still be responsible for payment of the full filing fee.

The new law also provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this "three strikes" rule is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Because of these changes in the law, the court will give plaintiff an opportunity, at this time, to voluntarily dismiss the complaint pursuant to Fed. R. Civ. P. 41(a)(1). Such a voluntary dismissal will not require plaintiff to pay the filing fee or count as a dismissal which may later subject plaintiff to the three-dismissal rule under section 1915(g).

IT IS HEREBY ORDERED that:

(1) Plaintiff must furnish the enclosed **Prisoner Trust Fund Account Statement** to the trust (financial) officer of each prison where he

has been confined for the past six months. The trust officer will complete and sign the form and return the form and supporting documents to plaintiff for submission to the Court. Two copies of the form are enclosed for this purpose.

(2) Plaintiff must sign and date the enclosed **Consent to Collection of Fees from Trust Account**. By signing this form, plaintiff gives his consent to the collection of the entire filing fee from his prison account in installments, in accordance with the provisions of the Prison Litigation Reform Act.

(3) Plaintiff must return both the **Prisoner Trust Account Statement** and the **Consent to Collection of Fees from Trust Account** to the Clerk within thirty days of this Order.

Once plaintiff has complied with the conditions of this Order, the Court will review plaintiff's complaint to determine which, if any, claims are viable and which, if any, defendants should be served with a copy of the complaint. If no response is timely received from plaintiff, the Court will presume that plaintiff desires to have this case voluntarily dismissed and will dismiss this action without prejudice.

**Failure to comply with this order by April 26, 2013 shall result in the dismissal of plaintiff's case, without prejudice.**

**SO ORDERED** this 27th day of March, 2013.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHA GREEN | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. CV413-068 |
| | ) | |
| SHERIFF AL ST. LAWRENCE | ) | |
| COL. ENOCH | ) | |
| MAJOR WELSH | ) | |
| and CAPT. MIDDLETON | ) | |
| | ) | |
| Defendants. | ) | |

## PRISONER TRUST FUND ACCOUNT STATEMENT

Under the Prison Litigation Reform Act, a prisoner seeking to bring a civil action without prepayment of fees must obtain from the appropriate prison official a certified copy of the prisoner's trust account statement for the six-month period immediately preceding the filing of the complaint. The plaintiff in this case has been instructed by the Court to furnish this form to the trust officer of each institution where he has been confined for the last six months.

Please complete this form, attach the supporting ledger sheets, and return these documents to the prisoner for mailing to the Court.

**DATE OF FILING COMPLAINT:**           __March 21, 2013__
                                                                                (to be completed by the clerk)

**AVERAGE MONTHLY DEPOSITS** during the six months prior to filing of the complaint:        _____

**AVERAGE MONTHLY BALANCE** during the six months prior to filing of the complaint:        _____

I certify that the above information accurately states the deposits and balances in the plaintiff's trust account for the period shown and that the attached ledger sheets are true copies of the account records maintained by this institution.

_____                       _____
**Signature of Authorized Officer of Institution**                **Date**

_____
**Print or Type Name**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ANTHA GREEN ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. CV413-068 |
| v. ) | |
| ) | |
| SHERIFF AL ST. LAWRENCE ) | |
| COL. ENOCH ) | |
| MAJOR WELSH ) | |
| and CAPT. MIDDLETON ) | |
| ) | |
| Defendants. ) | |

## PRISONER TRUST FUND ACCOUNT STATEMENT

Under the Prison Litigation Reform Act, a prisoner seeking to bring a civil action without prepayment of fees must obtain from the appropriate prison official a certified copy of the prisoner's trust account statement for the six-month period immediately preceding the filing of the complaint. The plaintiff in this case has been instructed by the Court to furnish this form to the trust officer of each institution where he has been confined for the last six months.

Please complete this form, attach the supporting ledger sheets, and return these documents to the prisoner for mailing to the Court.

**DATE OF FILING COMPLAINT:** __March 21, 2013__
(to be completed by the clerk)

**AVERAGE MONTHLY DEPOSITS** during the six months prior to filing of the complaint: _____

**AVERAGE MONTHLY BALANCE** during the six months prior to filing of the complaint: _____

I certify that the above information accurately states the deposits and balances in the plaintiff's trust account for the period shown and that the attached ledger sheets are true copies of the account records maintained by this institution.

_____     _____
Signature of Authorized Officer of Institution     Date

_____
Print or Type Name

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ANTHA GREEN ) <br> ) <br> Plaintiff ) <br> v. ) <br> ) <br> SHERIFF AL ST. LAWRENCE ) <br> COL. ENOCH ) <br> MAJOR WELSH ) <br> and CAPT. MIDDLETON ) <br> ) <br> Defendants. ) | Case No. CV413-068 |

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

As a condition to proceeding with this lawsuit, I hereby consent for the appropriate prison officials to withhold from my prison account and pay to the Court an initial partial filing fee equal to 20 percent of the greater of

(a) the average monthly deposits to my account, or
(b) the average monthly balance in my account

for the six-month period immediately preceding the filing of my complaint. I understand that I may not withdraw any monies from my account until this initial payment has been paid.

After the payment of any initial partial filing fee, I further consent for the appropriate prison officials to collect from my account on a continuing basis each month an amount equal to 20 percent of all deposits credited to my account. Each time the set aside amount reaches $10.00, the trust officer shall forward the payment to the Clerk's office, United States District Court, P.O. Box 8286, Savannah, Georgia, until such time as the $350.00 filing fee is paid in full.

By executing this document, I also authorize collection on a continuing basis of any additional costs which may be imposed by the Court.

Date: _____  Plaintiff's Signature: _____

Plaintiff's Prison No: _____