UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV413-068 |
| | ) | |
| AL ST. LAWRENCE, COLONEL ENOCH, MAJOR WELSH, CAPTAIN MIDDLETON, JANE DOE 1, and JANE DOE 2, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Antha Green, proceeding *pro se* and *in forma pauperis* ("IFP"), has filed a civil rights complaint under 42 U.S.C. § 1983 against various officials of the Chatham County Sheriff's Department. His complaint consists of a rambling and largely incoherent narrative asserting that two female staff members treated him with "rudeness" and used an "aggressive tone of voice" during his visit to the sheriff's department on August 21, 2011. Doc. 1 at 6. That visit was apparently prompted by his duty to register as a sex offender following the completion of his prison

sentence for aggravated child molestation, stalking, public indecency, and peeping. *See* Georgia Department of Corrections Offender Search, *available at* http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp (last visited September 11, 2013). Green further states that the female staff members refused to assist him in completing a "questionnaire" and changed his "assessment risk level" without proper authority. *Id.* at 7. He sues defendants[1] for defamation of character, slander, perjury, and mistreatment. *Id.* at 5.

Green has failed to state a colorable claim for relief under § 1983. General allegations of rudeness or incivility do not even constitute an actionable tort under state law, much less a violation of a constitutional right. The law affords no remedy for "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for

---

[1] While Green lists Sheriff Al St. Lawrence, Colonel Enoch, Major Welsh, and Captain Middleton as defendants, he never refers to them in the body of his complaint. The only proper defendants, therefore, are the two "Jane Doe" female staff members.

2

the law to intervene in every case where someone's feelings are hurt." Restatement (Second) of Torts § 46, comment d. Indeed, if recovery were permissible on hurt feelings alone, "we should all be in court twice a week." William L. Prosser, *Intentional Infliction of Mental Suffering; A New Tort*, 37 Mich. L. Rev. 874, 887 (1939). While Georgia, like most jurisdictions, permits recovery for the intentional infliction of emotional distress, *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 53 (1988), "'[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Bowers v. Estep*, 420 S.E.2d 336, 339 (1992) (quoting Restatement (Second) of Torts § 46, comment d); *Garcia v. Shaw Industries, Inc.*, 741 S.E.2d 285, 289 (2013) ("Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law."). Green alleges no more than hurt feelings resulting from the type of rudeness and incivility we all encounter in day-to-day life. Moreover, even if he has stated a claim under state law, it is well settled that "[h]urt feelings or a bruised ego are not themselves the stuff

3

of a constitutional tort." *Zherka v. Amicone*, 634 F.3d 642, 645-46 (2nd Cir. 2011).

Green further claims that the defendants defamed him by improperly elevating his risk assessment level. But even assuming that Green has stated a claim for defamation under state tort law, he has plainly failed to state a claim for relief under 42 U.S.C. § 1983, for the Constitution affords him no remedy for mere defamation of character. "Defamation, by itself, is a tort actionable under the law of most States, but not a constitutional deprivation." *Siegert v. Gilley*, 560 U.S. 226, 223 (1991); *Paul v. Davis*, 424 U.S. 693 (1976) (injury to reputation alone does not deprive the defamed party of any "liberty" or "property" protected by the Due Process Clause of the Fourteenth Amendment); *Von Stein v. Brescher*, 904 F.2d 572 (11th Cir. 1990) (sheriff's defamatory comments following plaintiff's arrest did not deprive plaintiff of any constitutionally protected interest).

This Court is authorized to dismiss prior to service an IFP suit that fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1). Green's claims of mere "rudeness" and "defamation" do

4

not constitute constitutional torts actionable under § 1983. His complaint, therefore, should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 11th day of September, 2013.

  _____
  UNITED STATES MAGISTRATE JUDGE
  SOUTHERN DISTRICT OF GEORGIA